UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONSECO LIFE INSURANCE COMPANY ) <br> and CONSECO MARKETING, LLC, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> AMERICAN WORLDWIDE INSURANCE, ) <br> INC., and TODD GREEN, ) <br>  ) <br> Defendants. ) | CASE NO. 1:04-cv-2035-DFH-TAB |

ENTRY ON MOTIONS TO CONFIRM AND TO VACATE ARBITRATION AWARD

Plaintiffs Conseco Life Insurance Company and Conseco Marketing, LLC (collectively "Conseco") filed this action seeking to vacate an arbitration award that favors defendants American Worldwide Insurance and Todd Green (collectively "AWI"). In December 2004, a unanimous arbitration panel awarded the defendants more than four million dollars payable in different installments. Conseco argues that the arbitration panel manifestly disregarded the law, exceeded the scope of the hearing, and engaged in misconduct.[1] Conseco's claims lack any merit. Its motion to vacate the arbitration award is denied. The

---

[1] Conseco requested that the court hear oral arguments. The case law concerning enforcement and vacation of arbitration awards is well-established, and the parties' submissions set forth the facts here clearly. Oral argument would not warrant the expense and delay that would result.

defendants have moved to enforce the arbitration award. Their motion is granted, and the court enters judgment accordingly.

*Arbitration Hearing*

AWI was the sole marketing agent for Conseco products sold in various foreign countries. AWI recruited and trained agents to solicit sales in those countries. The arbitration panel resolved a dispute between the parties concerning an agreement entitled "Addendum #1 Insurance Marketing Agreement for the International Market" ("Agreement") signed on July 26, 1994. The Agreement allowed either party to terminate their relationship in writing without cause. The Agreement also provided that if Conseco terminated the relationship with AWI yet still retained the agents AWI had procured, AWI would then be entitled to continued payment of commissions. The arbitration panel found that when Conseco ceased its international sales in September 2002, Conseco "destroyed the essence" of the Agreement and constructively terminated it. Because Conseco had retained the agents AWI had procured but had failed to pay AWI the appropriate commissions, the arbitration panel issued its damages award.

*Discussion*

I.   *Jurisdiction and Standard of Review*

Plaintiffs seek relief from the arbitration award pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10. Defendants seek confirmation of the award pursuant to Section 9, 9 U.S.C. § 9. The Federal Arbitration Act does not establish an independent ground for subject matter jurisdiction, see *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983), but the requirements of diversity jurisdiction are satisfied in this case.

Only under extraordinary circumstances and on narrow grounds may a federal court refuse to enforce an arbitration award. *E.g., Dean v. Sullivan*, 118 F.3d 1170, 1171 (7th Cir. 1997); *AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir. 2000) (court's review of an arbitration award is extremely limited and the award may be vacated only in narrowly defined circumstances). An arbitrator may not ignore the provisions of a contract and base a decision on her own ideas of justice, thought, or feeling. *International Truck & Engine Corp. v. United Steel Workers of America, Local 3740*, 294 F.3d 860, 861 (7th Cir. 2002). However, "[f]actual or legal errors by arbitrators – even clear or gross errors – do not authorize courts to annul awards." *Flexible Mfg. Systems Pty. Ltd. v. Super Products Corp.*, 86 F.3d 96, 100 (7th Cir. 1996) (affirming confirmation of arbitration award despite claims that arbitrators failed to enforce parties' agreement and manifestly disregarded applicable law).

II.     *Manifest Disregard for the Law*

Conseco attempts to vacate the arbitration award by arguing that the arbitration panel exhibited a manifest disregard for the law.  Manifest disregard of the law by an arbitrator can occur in two ways:  (1) if the arbitrator's order requires the parties to violate the law, or (2) if the arbitrator's order does not adhere to the legal principles set forth in the parties' contract.  *George Watts & Son, Inc., v. Tiffany and Co.,* 248 F.3d 577, 581 (7th Cir. 2001).  Both Conseco and AWI agree that the arbitration award does not require either party to violate the law.  An example of the latter is where a contract requires an arbitrator to apply the law of one state and the arbitrator chooses instead to apply the law of another state.  *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 554 (7th Cir. 2002).

The parties agreed that Missouri law would apply.  The panel interpreted and applied Missouri law.  Conseco argues that the arbitration panel did not adhere to the legal principles in the contract because, it claims, the panel applied Missouri law *improperly*.  Whether the arbitration panel erroneously interpreted Missouri law is irrelevant in this action.  "Courts often say, with respect to arbitrators' role in interpreting contracts, that error is not a ground of judicial review. '[T]he question for decision by a federal court asked to set aside an arbitration award . . . is not whether the arbitrator or arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not whether they grossly erred in interpreting the contract; it is

whether they interpreted the contract.'" *George Watts & Son*, 248 F.3d at 579, quoting *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1194-95 (7th Cir. 1987). A legal error by the arbitration panel does not give the court sufficient grounds to vacate the award. *Baxter Int'l, Inc v. Abbott Labs.*, 315 F.3d 829, 831 (7th Cir. 2003); *BEM I, LLC*, 301 F.3d at 554, 556 (holding "there is no judicial review of arbitration awards for legal error" and noting "it is of no moment whether the arbitrators got Illinois law right – or very wrong"). If the law were otherwise, the scope of more searching judicial review would effectively nullify the finality parties expect when they agree to arbitrate their disputes. In this case, the arbitration panel adhered to the legal principles of the contract and did not exhibit a manifest disregard for the law, regardless of whether the panel interpreted and applied Missouri law correctly.

Section 9 of the Agreement states: "The arbitrator(s) shall have the power and authority to issue or order any remedy, award or damages that would be within the power of any U.S. District Judge." Conseco misinterprets this portion of the Agreement by suggesting it means that the arbitration panel had all the powers *and responsibilities* of a U.S. District Judge, so that the panel was required to interpret the law correctly, just as a U.S. District Judge is required to do. Conseco's interpretation is not supported by law. It would also effectively nullify the binding and final character of the parties' chosen means of dispute resolution.

III.    *Scope of Arbitration Hearing*

After Conseco ceased its general sale of international policies, Conseco refused to sell the international portion of its business to AWI. The arbitrators heard evidence on this refusal to sell. Conseco argues that this issue was outside the scope of the Agreement's arbitration clause and that the time spent on the issue denied Conseco a fundamentally fair hearing.

An arbitrator's's authority may not extend beyond the issues the parties have submitted for arbitration. *AGCO Corp.*, 216 F.3d at 593, citing *American Postal Workers Union, AFL-CIO, Milwaukee Local v. Runyon*, 185 F.3d 832, 835 (7th Cir. 1999). "An arbitral award regarding a matter not within the scope of the governing arbitration clause is one made in excess of authority, and a court is precluded from giving effect to such an award." *Davis v. Chevy Chase Financial, Ltd.*, 667 F.2d 160, 165 (D.D.C. 1981) (citations omitted).

Concerning issuance of remedies or damages, the Agreement conferred upon the panel all the powers of a U.S. District Judge, as noted. Such powers include the ability to award punitive damages. AWI argued to the panel that Conseco's failure to sell the international portion of the business violated the terms of the Agreement by failing to deal in good faith. AWI asked for punitive damages. The panel did not award any punitive damages. The panel stated in its findings that the issue over the refusal to sell fell outside the scope of arbitration.

Because the panel did not make an award based on evidence outside the scope of the matters submitted, the panel did not exceed its authority.

Conseco also has not shown that the evidence unfairly tainted the hearing or decision on the issues the arbitrators actually decided. Even in a court trial, the court may allow evidence subject to a later and final decision about its relevance. That seems to be closely parallel to what occurred here. The admission of evidence on an issue the arbitrators later determined was outside the scope of the proceeding did not undermine the validity of the ultimate award on matters that were properly before the panel.

IV.   *Misconduct*

Finally, Conseco argues it was deprived of a fair hearing when the arbitration panel refused to order the production of Mr. Green's personal income tax returns.

An arbitrator must provide the parties with a fundamentally fair hearing. *Generica Ltd. v. Pharmaceutical Basics, Inc.*, 125 F.3d 1123, 1130 (7th Cir. 1997). The Federal Arbitration Act (FAA) allows a court to vacate an award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have

been prejudiced." 9 U.S.C. § 10(a)(3).  Under Section 10(a)(3) of the FAA, the arbitrator is not required to hear every piece of evidence; rather, the arbitrator must afford each party adequate opportunity to present its evidence and argument.  *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997), citing *Hoteles Condado Beach v. Union de Tronquistas Local 901*, 763 F.2d 34, 39 (1st Cir. 1985).  A party seeking to vacate an award based on misconduct must prove that the misconduct affected the outcome of the hearing.  *Delta Mine Holding Co v. AFC Coal Props., Inc.*, 280 F.3d 815, 822 (7th Cir. 2001).

The arbitration panel provided Conseco with an opportunity to present its argument that Mr. Green's personal tax returns should be produced in order to verify his alleged "claim" that he suffered personal financial ruin.  But Mr. Green did not seek personal damages.  Attachment to Pl. Br. 30, Bates Stamp 25-26.  Conseco has not shown that Mr. Green's personal tax returns were relevant to the question of termination of the Agreement between AWI and Conseco.  Conseco also has not shown how the production of the returns would have affected the outcome of the hearing.  Conseco has not shown that the hearing provided to Conseco and AWI was fundamentally unfair, or that the arbitration panel engaged in any misconduct.

*Conclusion*

"Arbitration can be an effective way to resolve a dispute in less time, at less expense, and with less rancor than litigating in the courts.  Arbitration loses some of its luster, though, when one party refuses to abide by the outcome and the courts are called in after all for enforcement."  *Publicis Communication v. True North Communications, Inc.*, 206 F.3d 725, 727 (7th Cir. 2000).  Conseco and AWI bargained for private arbitration to resolve their disputes, presumably because they expected arbitration to be faster, cheaper, and/or more expert than litigation in a public court of broad jurisdiction.  In doing so, they agreed to an extremely narrow basis for challenging the decision.  Contrary to Conseco's hyperbolic description of a "Kafkaesque parody of justice," the arbitration panel provided Conseco with a fundamentally fair hearing and followed the applicable standards and procedures governing arbitration hearings.  Conseco's motion to vacate the arbitration award is hereby denied.  The defendants' motion to enforce the arbitration award is granted.  Judgment shall be entered accordingly.

So ordered.

Date: August 4, 2005

_David F. Hamilton_
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Gino F. Battisti
FOLEY & MANSFIELD PLLP
gbattisti@foleymansfield.com

Christopher B. Carpentier
HUFFER & WEATHERS
chris_carpentier@hufferandweathers.com

Steven Kenneth Huffer
HUFFER & WEATHERS
steve_huffer@hufferandweathers.com

Susan Elizabeth Mehringer
LEWIS & WAGNER
smehringer@lewiswagner.com

Michael W. Newport
FOLEY & MANSFIELD PLLP
mnewport@foleymansfield.com

Scott A. Weathers
HUFFER & WEATHERS
scott_weathers@hufferandweathers.com